Mr. Chief Justice Cartter
delivered the opinion of the court.
I have to express the opinion of the court in the case of Giddings against Squier. The record sets forth an application to the clerk for an attachment, the filing of a bill of particulars amounting to $4,285, an affidavit that the defendant evades ordinary process by concealing himself, proof of the indebtedness and how it arose, by the testimony of George W. Stickney, an undertaking by the attaching creditor as provided by the statute, approved by the clerk, and the marshal’s return of the writ of attachment as follows:
“I, Clayton McMichael, U. S. Marshal for the District of Columbia, do hereby certify that I have this 9th day of June, A. D. 1884, attached all the defendant’s right, title, interest and estate in and to the following described property in the city of Washington, to wit: In square 199, lot A, north part, beginning at N. W. corner; south, 98 ft. 1 in.; east, 29 ft.; north, 7 ft. 7 in.; west, 2 ft.; north, 90 ft. 6 in.; west along K street, 27 ft., together with improvements thereon.
“ Clayton McMichael,
“ U. S. Marshal ”
Personal service was also had.
“Served copies of the declaration, notice to plead, affidavit, and this summons on the defendant the 9th day of June, 1884.
“ Clayton McMichael,
“ Marshal.”
July 14, plaintiff' moved for a judgment of condemnation of the property attached by the marshal, which was overruled and judgment by default given for the amount claimed in the declaration. An appeal was taken from the judgment overruling the motion for condemnation.
The record in this case exhibits a proceeding in. attachment accurately conforming to the requisites of the law. A *51 motion for condemnation of the property under the attachment was made and denied, and a judgment rendered in personam, against the defendant, and the case stands there. There was no motion to quash the attachment. There was no substitution of security to relieve the property and stand in its stead, nor was there any other interference of any sort by the defendant. So that the case raises simply the question whether a judgment of condemnation of property, where personal service may have afterwards been made, can be rendered.
The old idea of this process was evidently predominant with the court below. Then, attachment was merely a process for the purpose of securing the presence of the defendant, and, upon his appearance, it was discharged, and the matter was resolved into a proceeding in personam.
There was another view, perhaps, taken of it which is suggested by a possible circumstance, and that is, that there is an incongruity in service of process upon a debtor’s property by attachment for the reason that he cannot be found and is evading process, and on the same day obtaining a personal service upon him. There is an apparent incompatibility in that state of facts; and if one hour did not follow another, if noon did not follow the morning, and night the noon, and if the man could not be found between extremes in a service of an attachment transpiring in the early part of the day and personal service in the after part of the day, it would be irreconcilable. But such a thing is quite possible, and, more than that, it frequently occurs. It very often happens that the man who cannot be found just before the service of an attachment is very oppressive in his presence just afterwards.
But what does the statute mean? It is to be found embodied in sections 782 to 786 of the Bevised Statutes of the District. After providing the terms under which the . attachment may issue, it says:
“Sec. 783. “If the defendant, his agent or attorney, shall file an affidavit traversing the plaintiff’s affidavit (that is the preliminary affidavit) the court shall determine whether the *52 facts set forth in plaintiff’s affidavit are true, and whether there were just ground for issuing the writ of attachment; and if the facts do not sustain the affidavit, the court shall quash the writ of attachment or garnishment, and this issue may be tried by a judge at chambers on three days’ notice.”
If the attachment is quashed this is the end of the proceeding. But there was no motion to quash in this case. There was no controversy about the facts. The proof was, that the defendant was evading process, and there was no proof-to the contrary.
The statute continues:
“Sec. 784: The thing attached shall not be discharged from the custody of the officer seizing it untiFthe defendant shall deliver, either to the officer or to the clerk, to be filed in the 'cause, his undertaking with sufficient surety to satisfy and pay the final judgment of the court against him.”
No surety was given, none tendered, and here is the mandate of the statute directing the court that they shall not discharge the property without it. The writ is good, the proceeding is regular and according to law. What is next to be done under these circumstances ?
The next section — sec. 785 — provides :
“If the defendant fail to execute such undertaking, the court may sell the thing attached; whenever it is satisfied that it is in the interest of the parties, it should be sold before final judgment.”
So that if the attachment is not quashed, if no substitutional surety is given, the court is to sell it in the interests of the parties.
The court below refused to enter a judgment of condemnation of the property, although there was no motion made to quash the attachment or to supersede it with surety. The condemnation was probably refused under the presumption that the defendant was served with personal process before the service of the attachment. But that is not a presumption to be entertained at all; it is a matter *53 of proof, or would have been on a motion to quash the attachment.
We think that the property was subject to condemnation, and that the court ought to have entered such a judgment and have directed a sale of the property in the interests of the parties.
Judgment will he entered condemning the property and awarding execution.